[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 16, 2005
THOMAS K. KAHN
CLERK

No. 04-13368
Non-Argument Calendar

_____

D.C. Docket No. 03-20809-CR-AJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEOTHAVY TAI-OURANE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 16, 2005)

Before TJOFLAT, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

A Southern District of Florida grand jury returned a seven-count indictment against appellant and Ricardo Martinez. Appellant was charged in three of the counts: Count One alleging a conspiracy to possess with intent to distribute

cocaine and methylenedioxymethamphetamine ("Ecstasy"), in violation of 21

U.S.C. § 846; Count Four alleging possession with intent to distribute cocaine, in

violation of 21 U.S.C. § 841(a)(1); and Count 5 alleging possession with intent to

distribute Ecstasy, in violation of § 841(a)(1).  Martinez was charged with

appellant in Count One and separately in Counts Two (distribution of cocaine),

Three (distribution of Ecstasy), Six (possession with intent to distribute cocaine)

and Seven (possession with intent to distribute Ecstasy).  Martinez pled guilty to

each of those counts; appellant stood trial, at which Martinez testified as a

prosecution witness.  The jury found appellant guilty as charged, and the district

court sentenced him to concurrent prison terms of 121 months.  He now appeals his

convictions and sentences.

The case against appellant was based in part on one kilogram of cocaine and

1,000 Ecstasy pills found by law enforcement officers in an SUV vehicle appellant

was driving on I-95 in South Florida.  A Florida Highway Patrol trooper had

stopped the vehicle at the request of DEA agents who were following the SUV as

part of their narcotics investigation involving appellant and Martinez.  Following

the return of his indictment, appellant moved the district court to suppress these

drugs and any other evidence derived from the stop on the grounds that the stop

was unlawful and that his consent to the search of the SUV was the fruit of a

poisonous tree.  A magistrate judge held an evidentiary hearing on the motion and issued a Report and Recommendation ("Report") recommending that the court deny the motion. Appellant filed no objections to the Report and the district court denied appellant's motion.

Appellant seeks the vacation of his convictions and a new trial on one ground: the district court erred in denying his motion to suppress.  For the reasons stated in the magistrate judge's Report, we find no merit in the motion and therefore affirm appellant's convictions.

Appellant challenges his sentences on two grounds: (1) the district court determined the quantity of drugs for which he should be held accountable under the Guidelines and thereby deprived him of his Sixth Amendment right to have a jury make such findings, and (2) the court clearly erred in basing its drug-quantity findings—four kilograms of cocaine and 2,000 tablets of Ecstasy—on the Martinez's trial testimony.  All that he should have been accountable for, he submits, are the one kilogram of cocaine and 1,000 tablets of Ecstasy found in the SUV.  We summarily reject appellant's second ground because the court did not clearly err in relying on Martinez's testimony and other trial evidence in determining the drug quantities at issue.

Appellant's first ground is based on the Supreme Court's decision in Blakely v. Washington, 542 U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the rationale of which the Court made applicable to the Sentencing Guidelines system by its decision in United States v. Booker, 543 U.S. ___, 125 S.Ct. 738, 749, 160 L.Ed.2d 621 (2005).  Because appellant did not present his Sixth Amendment argument to the district court, we examine it for plain error.  United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005), cert. filed, No. 04-12676 (Feb. 4, 2005).  To find plain error, we must conclude that (1) the district court committed error that (2) was plain or obvious, (3) affected the defendant's "substantial rights" in that he suffered prejudice, and (4) "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings."  United States v. Olano, 507 U.S. 725, 731-736, 113 S. Ct. 1770, 1776-1779, 123 L.  Ed. 2d 508 (1993).   As in Rodriguez, we conclude that the court erred and that the error was plain or obvious.  Appellant has not shown that his substantial rights were affected, however, because the record before us does not establish that he would have received lesser sentences had the court considered the Sentencing Guidelines advisory as opposed to mandatory.  Rodriguez, 398 F. 3d at 1301.  Because appellant fails to satisfy plain error's third element, we need not consider the fourth element.

Appellant has failed to show plain error.  His sentences are therefore

**AFFIRMED.**

Tjoflat, Circuit Judge, concurring specially:

As I explain in my dissent to the court's refusal to rehear <u>Rodriguez</u> en banc, the error in a case such as this—where the district court enhances the defendant's sentence on the basis of facts not admitted by the defendant or found by a jury—is structural error, and the third prong of the plain-error test is, therefore, inapplicable. <u>See</u> <u>United States v. Rodriguez</u>, — F.3d —, 2005 WL 895174 (11th Cir. Apr. 19, 2005) (Tjoflat, J., dissenting from the denial of rehearing en banc). Accordingly, the court should consider whether the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." <u>United States  v. Olano</u>, 507 U.S. 725, 736, 113 S. Ct. 1770, 1779, 123 L. Ed.2d 508 (1993).  The court declines to do that because, as I agree, it is <u>Rodriguez</u> bound.